**HONORABLE LONNY R. SUKO**

*Law Office of William D. Pickett*
William D. Pickett, WSBA No. 27867
917 Triple Crown Way, Ste. 100
Yakima, WA  98908
Tel:  509-972-1825
Fax:  509-972-1826
Email: bill@wdpickett-law.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

EDDIE L. FORD,

            Plaintiff,

v.

CITY OF YAKIMA;
LIEUTENANT N. WENTZ; and
OFFICER R. URLACHER;

            Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

**NO.  CV-09-3108-LRS**

**PLAINTIFF'S RESPONSIVE MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

## I.    ARGUMENT REGARDING FIRST AMENDMENT CLAIM

The Defendants position claim that the Plaintiff's First Amendment claim should fail because the officer's actions would not chill protected speech and

because the alleged retaliation was not a but-for cause of plaintiff's arrest, are

not valid.

A.    **THE DEFENDANTS' ACTIONS WOULD CERTAINLY CHILL PROTECTED SPEECH**

In this case Mr. Ford was protesting and challenging the action taken by

Officer Urlacher.  As stated in City of Houston, Texas v. Hill, 482 U.S. 451,

461, 107 S.Ct. 2502 (1987) at page 462: "The freedom of individuals verbally

to oppose or challenge police action without thereby risking arrest is one of the

principal characteristics by which we distinguish a free nation from a police

state."

In response to Mr. Ford's protests Officer Urlacher, as pointed out in the

numerous quotes in the Plaintiff's Memorandum in Support of Motion for

Summary Judgment, told him that he would be arrested [1] and taken to jail if he

kept "running his mouth".  Exhibit B to Declaration of William D. Pickett page

21 lines  5 through 8 (hereinafter Ex. B., 21:5-8).  The Defendants argue,

apparently, that this action would not "chill or silence a person of ordinary

firmness from future First Amendment activities".  The Plaintiff cannot

---

[1] If the term "arrest" is defined as any point where the person is not free to leave then Mr. Ford was under arrest from the moment he was pulled over by the Officer.  In this memorandum the term "arrest" will refer to the decision both to put Mr. Ford in handcuffs and more importantly the decision to take  him to jail and book him.

LAW OFFICE OF WILLIAM D. PICKETT
917 TRIPLE CROWN WAY, STE. 100
Yakima, Washington 98908
Telephone (509) 972-1825
Facsimile  (509) 972-1826

imagine what else the officer would have to do before his action chilled or

silenced a person of ordinary firmness.  It is obvious that the officer's actions

would chill free speech.  It was as if the officer said, "If you continue to

exercise your free speech rights I will take you to jail and have your car

towed."

**B.    MR. FORD'S EXERCISE OF HIS FREE SPEECH RIGHTS WAS A BUT FOR CAUSE OF THE OFFICERS DECISION TO PLACE HIM IN HANDCUFFS AND TAKE HIM TO JAIL**

The Defendants argue that Mr. Ford's exercise of his First Amendment

rights was not the "but-for" cause of the Defendants' decision to arrest him.

The "but-for" test is set out by the 9th Circuit in the case of Carepartners v.

Lashway, 545 F.3d 867 (9th Cir. 2008) as follows:

> A 'plaintiff alleging retaliation for the exercise of constitutionally protected rights must initially show that the protected conduct was a 'substantial' or 'motivating' factor in the defendant's decision …If the plaintiff makes this initial showing, the 'burden shifts to the defendant to establish that it would have reached the same decision even in the absence of the protected conduct'. .. To meet this burden, a defendant must show by a preponderance of the evidence that it *would* have reached the same decision; it is insufficient to show merely that it *could* have reached the same decision. (emphasis in original)

The Plaintiff argues that he has made his initial showing by virtue of the

fact that Officer Urlacher stated over and over again that Mr. Ford was being

PLAINTIFF'S RESPONSIVE MEMORANDUM
IN OPPOSITION TO DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 3

LAW OFFICE OF WILLIAM D. PICKETT
917 TRIPLE CROWN WAY, STE. 100
Yakima, Washington 98908
Telephone (509) 972-1825
Facsimile  (509) 972-1826

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34

arrested and booked because he had "diarrhea of the mouth."  Ex. B., 21:20-24.

On the other hand the Defendants have not met their burden to show that the

officers would have reached the same decision to arrest Mr. Ford regardless of

whether or not he was exercising his free speech rights.

The Defendants attempt to meet this burden by stating: "Because

plaintiff's arrest and booking was supported by probable cause, his First

Amendment claim fails as a matter of law."  However, the existence of

probable cause in and of itself does not prove that they would have reached the

same decision.  It does not prove that they would have arrested Mr. Ford even

if he had not exercised his First Amendment rights. The existence of probable

cause is probative of the issue of whether or not a person is arrested because of

retaliation.  Dietrich v. John Ascuaga's Nugget, 548 F.3rd 892, 901 (9th Cir.

2008).  That is, the existence of probable cause supports their argument that

retaliation was not the main motivation.  However, the fact that Officer

Urlacher repeatedly said that he was arresting Mr. Ford because he was running

his mouth or had diarrhea of the mouth is very probative on the issue of

whether the main motivation was retaliation.  The Plaintiff argues that in fact it

is this evidence that proves Officer Urlacher's sole motivation.

**PLAINTIFF'S RESPONSIVE MEMORANDUM**
**IN OPPOSITION TO DEFENDANTS' MOTION**
**FOR PARTIAL SUMMARY JUDGMENT - 4**

LAW OFFICE OF WILLIAM D. PICKETT
917 TRIPLE CROWN WAY, STE. 100
Yakima, Washington 98908
Telephone (509) 972-1825
Facsimile  (509) 972-1826

The Defendants rely on the <u>Dietrich</u> case to show that the existence of probable cause trumps all.  However the <u>Dietrich</u> case lies on the far side of the continuum between these cases where the evidence of retaliation is negligible and those where the evidence of retaliation outweighs even the probative value of probable cause.  In <u>Dietrich</u> the plaintiff tried to argue that the officer in question was somehow motivated by a newspaper article that had come out earlier, however they had no proof that the officer had seen the newspaper article and he did not make any comment at all that he had some retaliatory motivation.  The case at hand however falls on the exact opposite of the continuum.  Here the officer tells us that he usually only gives people a warning or citation when they violate the noise ordinance but since Mr. Ford was "running his mouth" he was going to arrest him.

C.    **THE RIGHT TO FREEDOM FROM ARREST FOR EXCERCISING ONE'S RIGHT TO FREE SPEECH, REGARDLES OF THE EXISITION OF PROBABLE CAUSE, IS A CLEARLY ESTABLISHED RIGHT IN THE 9TH CIRCUIT.**

"A right may be said to be clearly established when it has been recognized either by the Supreme Court or by the applicable Circuit Court." <u>Charles W. v. Maul</u>, 214 F.3d 350, 353 (2d Cir. 2000).  As is evidenced by the opinion in <u>Skoog v. County of Clackamas</u>, 469 F.3d 1221, 1235 (9th Cir. 2006) it is a

**PLAINTIFF'S RESPONSIVE MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 5**

LAW OFFICE OF WILLIAM D. PICKETT
917 TRIPLE CROWN WAY, STE. 100
Yakima, Washington 98908
Telephone (509) 972-1825
Facsimile  (509) 972-1826

clearly established right in the 9th Circuit, "…to be free of police action

motivated by retaliatory animus but for which there was probable cause."

Furthermore the 9th Circuit in Carepartners LLC v. Lashway, 545 F.3d 867 (9th

Cir. 2008) recognized the right established in Sorrano's Gasco Inc. v. Morgan,

874 F.2d 1310 (9th Cir. 1989) in the regulatory context as follows at page 1319

of the Sorrano opinion:

> "It could hardly be disputed that at the time of the permit suspension an
> individual had a clearly established right to be free of intentional
> retaliation by government officials based upon that individual's
> constitutionally protected expression."

In Carepartners as in Skoog it was irrelevant that the government official

had probable cause to either arrest or issue a regulatory citation or suspension

when the overriding animus was retaliation.


## II.  INABILITY TO ENGAGE IN DISCOVERY TO ADDRESS FURTHER ISSUES RAISED IN THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On December 22nd 2009 this court entered an Order Denying Motion to Stay

Discovery which in part limited the Plaintiff's ability to engage in discovery.

At page 3 of the opinion this Court stated:

> … Plaintiff will be allowed to submit no more than 25 interrogatories
> (including subparts), and no more than 25 requests for admissions, to

**PLAINTIFF'S RESPONSIVE MEMORANDUM**
**IN OPPOSITION TO DEFENDANTS' MOTION**
**FOR PARTIAL SUMMARY JUDGMENT - 6**

LAW OFFICE OF WILLIAM D. PICKETT
917 TRIPLE CROWN WAY, STE. 100
Yakima, Washington 98908
Telephone (509) 972-1825
Facsimile (509) 972-1826

each of the individual Defendants (Wentz and Urlacher) in order to gain necessary background information for taking depositions of these individual Defendants. The Plaintiff will then be allowed to take depositions of the individual Defendants, with each deposition not to exceed two (2) hours in length. At the conclusion of this discovery, the Defendants may file their motion for summary judgment based on qualified immunity. Pending resolution of the summary judgment motion, or further order of the court, Plaintiff is not authorized to conduct any additional discovery beyond that set forth above. This includes any discovery targeted specifically at Defendant City of Yakima, in recognition of the possibility Defendants' motion could result in a finding there was no constitutional violation.

Pursuant to the Court's ruling the Plaintiff took the depositions of Officer Urlacher and Lt. Wentz.

This order contemplated that there would be a forthcoming Defense motion for summary judgment on the issue of qualified immunity. Such a motion was not forthcoming immediately but was made on the last day for filing dispositive motions. In addition to a motion for summary judgment on the issue of qualified immunity the Defendants included as issues all of the claims set forth in the Complaint. In particular they are seeking summary judgment dismissing the City of Yakima on both the Sec. 1983 claim and the negligence claim. The Plaintiff cannot fully address these issues as his discovery was limited by the Court's order which in particular excluded discovery targeted at the City of Yakima. In order to reach the requirements of

LAW OFFICE OF WILLIAM D. PICKETT
917 TRIPLE CROWN WAY, STE. 100
Yakima, Washington 98908
Telephone (509) 972-1825
Facsimile  (509) 972-1826

Monell v. Department of Social \Services of the City of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed. 611 (1978) the Plaintiff needs to produce some evidence through discovery of custom or policy that was the cause of the unconstitutional activity.

Typically the Plaintiff would need the discovery to obtain policy information in the form of written policies and to take depositions of the policy makers. Further, in regard to the negligence claims the Plaintiff would want to pursue discovery as to the training that the City did or did not provide. The Plaintiff would ask that this portion of the summary judgment motion be continued to allow further discovery.

Not withstanding the request for more time and discovery, the Plaintiff would argue that evidence does exist which raises an issue of fact on whether or not the City is liable under Sec. 1983. Namely, neither Lt. Wentz or Officer Urlacher were disciplined or investigated for their actions in this case. Failure to do so in light of the officer's unlawful conduct can lead to an inference that the City acquiesced to and ratified the behavior as "the way things are done and have been done." Bordanaro v. McLeod, 871 F.2d 1151, 1166 (1st Cir. 1989). As such, Plaintiff's Monell claims survive.

PLAINTIFF'S RESPONSIVE MEMORANDUM
IN OPPOSITION TO DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 8

LAW OFFICE OF WILLIAM D. PICKETT
917 TRIPLE CROWN WAY, STE. 100
Yakima, Washington 98908
Telephone (509) 972-1825
Facsimile (509) 972-1826

### III    ADDITIONAL ISSUES

In addition to the qualified immunity issue and negligence issues, the Defendants seek the following rulings in their favor via the summary judgment motion :

1. The officers did not violate the Plaintiffs Fourth Amendment right against an unlawful search or seizure.

2. The officers did not violate the Plaintiff's Fourth Amendment right against excessive use of force.

3. The officers did not violate the Plaintiff's Fourteenth Amendment substantive due process rights.

4. The officers did not violate the Plaintiff's Fourteenth Amendment equal protection rights.

### A.    Fourth Amendment Right

Assuming for purposes of this argument that probable cause did exist for the arrest of the Plaintiff, one still has to consider the fact that the officer's intention when he arrested the Plaintiff and decided to put him in cuffs and book him was to arrest him for exercising his First Amendment rights.  In light of Skoog, that impermissible motive then colors any probable cause and makes the whole endeavor a violation of the Constitution.  Given that such a motive is

LAW OFFICE OF WILLIAM D. PICKETT
917 TRIPLE CROWN WAY, STE. 100
Yakima, Washington 98908
Telephone (509) 972-1825
Facsimile  (509) 972-1826

a violation of one's First Amendment rights, then surely this amounts to an

unlawful seizure.

### B.    Excessive Use of Force

The Plaintiff maintains that he was handcuffed so tightly that his circulation

was cut-off.  Defendant Urlacher maintains that the cuffs were not too tight.  If

the trier of fact believes the Plaintiff's version of the facts they could find that

no reasonable officer could believe that the abusive application of handcuffs

was constitutional.  Therefore, a material issue of fact exists on this issue.

Additionally, there is sufficient evidence that any use of force by Defendants in

jailing Mr. Ford for exercising his right to Free Speech would amount to

excessive force.  That is, no officer would believe it is reasonable to use force

on a person simply because they were freely speaking their mind.

### C.    Fourteenth Amendment Substantive Due Process Rights

In answer to the Defendants' argument set forth in their brief the Plaintiff

maintains that being arrested for exercising one's First Amendment rights does

indeed "shock the conscience."  This is at least a material issue of fact and

therefore proper for the jury to consider.

**PLAINTIFF'S RESPONSIVE MEMORANDUM
IN OPPOSITION TO DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 10**

LAW OFFICE OF WILLIAM D. PICKETT
917 TRIPLE CROWN WAY, STE. 100
Yakima, Washington 98908
Telephone (509) 972-1825
Facsimile  (509) 972-1826

### D.    Fourteenth Amendment Equal Protection Rights

The Defendants correctly state the law in that the Fourteenth Amendment directs that all persons similarly situated be treated alike. <u>City of Cleburne, Texas v. Cleburne Living Center, Inc.</u> 473 U.S. 432, 439, 105 S.Ct. 3249 (1985).  In this case the persons similarly situated are those that are being detained by an officer because they were allegedly violating the noise ordinance.  However, the Plaintiff in this case was not treated similarly.  As Officer Urlacher stated he usually either gives these people a warning or writes a citation.  Mr. Ford on the other hand was arrested and booked simply because he was exercising his First Amendment rights.

### IV.    CONCLUSION

For the reasons set forth above, plaintiff respectfully requests that Defendants' motion for summary judgment be denied.

DATED this 13th day of January, 2011.

LAW OFFICE OF WILLIAM D. PICKETT


_____ /s/ William D. Pickett_____
WILLIAM D. PICKETT, WSBA NO. 27867
Attorney for Plaintiff

LAW OFFICE OF WILLIAM D. PICKETT
917 TRIPLE CROWN WAY, STE. 100
Yakima, Washington 98908
Telephone (509) 972-1825
Facsimile  (509) 972-1826

## *CERTIFICATE OF SERVICE*

I hereby certify that on January 13, 2011 I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will

send notification of such filing to the following:

**Christie Law Group, PLLC**
Robert L. Christie, WSBA No. 10895
2100 Westlake Avenue N., Ste. 206
Seattle, Washington  98109
Tel:  206-957-9669
Fax:  206-352-7875
Email:  bob@christielawgroup.com


**Law Office of William D. Pickett**
William D. Pickett, WSBA No. 27867
917 Triple Crown Way, Ste. 200
Yakima, WA  98908
Tel:  509-972-1825
Fax:  509-972-1826
Email: bill@wdpickett-law.com

DATED at Yakima, Washington, this 13TH day of January 2011.


By_____/s/  William D. Pickett_____
           William D. Pickett, WSBA NO. 27867
           Law Office of William D. Pickett
           917 Triple Crown Way, Ste. 200
           Yakima, WA  98908
           Ph:  509-972-1825
           Fax:  509-972-1826
           Email:  bill@wdpickett-law.com
           Attorney for Plaintiff

PLAINTIFF'S RESPONSIVE MEMORANDUM
IN OPPOSITION TO DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 12

LAW OFFICE OF WILLIAM D. PICKETT
917 TRIPLE CROWN WAY, STE. 100
Yakima, Washington 98908
Telephone (509) 972-1825
Facsimile  (509) 972-1826